UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-00095-JAW |
| | ) | |
| ROGER DALE BATES | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

Convicted of possession of child pornography and sentenced to one hundred and twenty months in prison, Roger Dale Bates moves for a reduction of his sentence on humanitarian grounds, arguing that the death of his two brothers and the illness of his sister justify his early release to care for his elderly mother and uncle. Although these family troubles are most unfortunate, the Court denies Mr. Bates' request because it does not have the authority to release him early and would not do so if it had.

**I.    STATEMENT OF FACTS**

On April 7, 2006, Roger Dale Bates pleaded guilty to possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), *Minute Entry* (ECF No. 22), and on February 27, 2007, the Court sentenced him to 120 months in prison and twenty years supervised release. *J.* (ECF No. 58). On August 26, 2012, Mr. Bates moved pro se for a reduction in his sentence. *Mot. to Reduce Sentence* (ECF No. 81) (*Def.'s Mot.*). The Government opposed the motion. *Gov't's Mem. in Opp'n to Def.'s Req. for Sentence Reduction* (ECF No. 82) (*Gov't's Opp'n*).

### A.    Roger Dale Bates' Motion

Mr. Bates' motion is based on a series of tragic events that have occurred in his family over the last four months. *Def.'s Mot.* at 1. Two of his brothers, ages forty-eight and forty-two, passed away after suffering massive heart attacks. *Id.* The forty-eight year old had been taking care of his eighty-one year old mother and eighty-one year old uncle. *Id.* His sister had a brain aneurysm in 2010 and has not fully recovered. *Id.* Mr. Bates requests an early release of about eleven months and promises to live with his mother and take care of her. *Id.* Also, he urges compassion since it "would make a[n] elderly lady very happy to see her son before she passes away." *Id.* at 2.

### B.    The Government's Opposition

The Government takes issue with Mr. Bates' asserted release date. *Gov't's Opp'n* at 1. Although Mr. Bates believes he will be released in eleven months, the Government says that he is not scheduled for release until February 1, 2015 and it attached a Bureau of Prisons locator screen as proof. *Id.* Attach. 1 (Federal Bureau of Prisons Inmate Locator). Reviewing various provisions of federal law, the Government contends that the Court does not have the authority to release Mr. Bates. *Id.* at 2-6.

## II.    DISCUSSION

After a sentence is imposed, the law severely constrains the sentencing court's authority to reduce the sentence. *See United States v. Tyler*, 417 F. Supp. 2d 80, 82-85 (D. Me. 2006). The statute provides that a "court may not modify a term

of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The law carves out only three extremely narrow exceptions to this general rule. *United States v. Angelo*, No. 1:02-cr-743 (JGM), 2011 U.S. Dist. LEXIS 133322, at *5-7 (E.D.N.Y. Nov. 18, 2011) (quoting *United States v. Maldonado*, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001)).

First, the law allows a court to reduce a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Rule 35 allows a court to reduce a sentence upon the Government's motion based on the substantial assistance of a defendant in investigating or prosecuting another person. FED. R. CRIM. P. 35(b)(1). However, Rule 35 does not apply here because the Government has not moved to reduce Mr. Bates' sentence and in fact opposes his request for reduction. *Gov't's Opp'n*. The Court does not have the jurisdiction to reduce a sentence under Rule 35 absent a Government motion. *See United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008) ("We have previously interpreted Rule 35 as imposing a jurisdictional limit on the district court's ability to correct a sentence").

Second, 18 U.S.C. § 3582(c)(1)(A) allows the Director of the Bureau of Prisons to move a sentencing court to reduce a sentence if the court finds "extraordinary and compelling reasons warrant such a reduction," the defendant is "at least 70 years of age" and "has served at least 30 years in prison." None of these conditions is met in this case. Mr. Bates is not seventy years old; he has not served at least thirty years in prison; the Director of the Bureau of Prisons has not moved for his

release; and the circumstances, while unfortunate, are not extraordinary and compelling. *See United States v. Havener*, 905 F.2d 3, 6 (1st Cir. 1990) ("[This exception] covers cases of extreme hardship"). The Court lacks the jurisdiction to grant Mr. Bates' requested relief absent his compliance with the statutory prerequisites. *United States v. Ramirez*, CR-05-71-B-W, 2010 U.S. Dist. LEXIS 297, *3-4 (D. Me. Jan. 4, 2010); *United States v. Thomas*, 570 F. Supp. 2d 202, 203 (D.P.R. 2007) ("It is well settled law that a Court cannot grant a prisoner's compassionate relief request and order his release from prison pursuant to section 3582(c)(1)(A)").

A third possibility is when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o).  18 U.S.C. § 3582(c)(2). There is no suggestion that this third possibility is applicable here.

Of course, if Mr. Bates claims that his sentence was imposed in violation of the Constitution or laws of the United States, he could have brought a timely claim under 18 U.S.C. § 2255, but his pending motion is based on humanitarian, not legal grounds and in any event appears to be well beyond the statutory period for filing such a petition.  28 U.S.C. § 2255(a), (f).

Finally, although the Court regrets Mr. Bates' family troubles, it recalls him quite well and the nature of the crime that brought him to federal jail.  As the Government observes, Mr. Bates was convicted of possessing sexually explicit videotapes of a minor girl who had regularly visited his house and there was

4

evidence that he had showed these videotapes to two other minor girls just before sexually molesting them. *Gov't's Opp'n* at 5. Coupled with his prior conviction for Indecent Assault and Battery on a Child, even if the Court had the authority to release him early (which it does not), it would be extremely concerned about the safety of other people and the community at large if he were released early. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons . . . the court may reduce a term of imprisonment . . . if . . . the court determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community").

### III.  CONCLUSION

The Court DENIES Roger Dale Bates' Motion for Reduction of Sentence (ECF No. 81).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2012